**UNITED STATES of America, et al., Plaintiffs,**

v.

**KEY WEST TOWERS, INC., et al., Defendants.**

No. 87–10034–Civ.

United States District Court, S.D. Florida, Miami Division.

Sept. 30, 1988.

U.S. Atty. Susan Hill Ponzoli, Miami, Fla., for plaintiffs.

Gerardo A. Remy, Jr. and Federal Public Defender Emilio Almenteros–Rios, Miami, Fla., for defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL AND JUDGMENT NOTWITHSTANDING THE VERDICT**

JAMES LAWRENCE KING, Chief Judge.

After trial the defendants have timely moved for a motion for new trial and/or judgment notwithstanding the verdict. In this motion and the plaintiffs' responses thereto, the parties make the same arguments they raised at trial. After reviewing the record and considering the defendants arguments in light of the complete record, the defendants' motion will be denied.

This court conducted a jury trial on the liability issues pursuant to *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95

L.Ed.2d 365 (1987). The government contended that the defendants discharged fill into a water of the United States without an Army Corps of Engineers permit, and, thus, violated the Clean Water Act, 33 U.S.C. § 1311.

As in any well-managed federal court, a case set for trial is framed by the complaint and the pre-trial stipulation. In essence, the complaint in this case sets forth one cause of action. The plaintiffs alleged that the defendants filled in wetlands that were adjacent to Florida Bay. Because they were adjacent to Florida Bay, the government believed the wetlands were waters of the United States pursuant to 33 C.F.R. § 328.3 (1986). Because of this status, the government alleged that a permit was required before any filling activities could commence. The complaint also alleged that the wetlands in question were isolated wetlands as defined in 33 C.F.R. § 330.5(a)(26)(ii) (1986). In their pre-trial stipulation, the parties agreed that this was the only cause of action to be tried before a jury. The parties also stipulated to facts that narrowed the issues to be tried. These stipulations bound the parties to the fact that the defendants placed fill into the property and to the fact that the defendants had no permit to do so. The parties also agreed to the questions that remained for resolution, and these centered around the alleged adjacency of the wetlands. The government also agreed to drop its isolated waters allegation from the complaint. As indicated by the complaint and framed by the pre-trial stipulation the one issue that remained to be tried was the question of adjacency.

In support of its motion, the defendants make one substantive and two procedural arguments. The defendants argue that 33 C.F.R. § 330.5(a)(26)(ii) (1986) (hereinafter cited as Nationwide Permit 26) absolves the defendants of liability. Essentially, this regulation as applied to this case would exempt the defendants from obtaining a permit if the wetlands were non-tidal and not connected to another water of the United States via a surface tributary system, and the defendants placed less than one acre of fill in the wetlands. The defendants next argue in the alternative. They first contend that Nationwide Permit 26 is a defense, which they properly raised. Second, they argue that Nationwide Permit 26 is not a defense, rather it is an element of a Clean Water Act violation under 33 U.S.C. § 1311, and the government failed to prove its nonexistence. The court will discuss these arguments in turn.

The defendants never raised the applicability of Nationwide Permit 26 as a defense. They did not raise this defense in their answer, for they denied the government's allegation in the complaint that Nationwide Permit 26 applied. *See, e.g.,* Answer of Defendant Key West Towers, Inc., paragraph 8. Of course, this denial only meant that the government must prove the allegation, but nonetheless, is now probative of the fact that the defendants were made aware of this defense, yet decided not to immediately raise it.

The defendants next contend that this raised the applicability of Nationwide Permit 26 in their motion for summary judgment filed June 9, 1987. Aside from the procedural irregularity of this argument, the defendants' motion indicates that the applicability claim was never properly brought forward for adjudication. On page 8 of the defendants' motion for summary judgment, the defendants' attorney stated: "Although not relevant to this motion for summary judgment, if Key West Towers' wetlands were waters of the United States, Nationwide Permit 26 would have applied ...". By arguing in this manner, the defendants never asked the court to rule on the applicability of this nationwide permit.

The defendants next contend that they raised the Nationwide Permit 26 issue when they filed their June 1, 1988 motion seeking to amend their answer to add this provision as an affirmative defense. This motion was filed five months after the pre-trial stipulation was filed with this court. The motion also was filed on the eve of trial. Because of the tardiness of this motion and of the fact that the parties neatly framed the issues to be tried in the pre-trial stipulation, the court denied the motion.

The trial, therefore, began without the issue of the Nationwide Permit 26 before the jury or the court. At trial the parties appeared to agree that certain provisions of the pre-trial stipulation were no longer applicable. The court, accordingly, allowed evidence on some matters that the pre-trial stipulation apparently resolved believing that the parties changed their minds. The parties later bickered about whether certain agreements in the pre-trial stipulation should be disregarded. As the only solution justice could dictate, the court eventually decided that the pre-trial stipulation and the complaint should be adhered to *in toto;* that is, the parties were bound by their agreements and pleadings. Accordingly, because Nationwide Permit 26 was never raised, the court never instructed the jury on its applicability.

 Moreover, the issue of Nationwide Permit 26 applicability must be raised by the defendants for it is not an element of a Clean Water Act offense. As the complaint and pre-trial stipulation indicate, the government needed to prove that the wetlands in question were waters of the United States, the defendants placed fill on these wetlands and that they placed the fill without a permit. This is the essence of a cause of action here under 33 U.S.C. § 1311. The defendants stipulated that they did not have a permit and that they did place fill on the land. In essence, the defendants sought to amend their stipulation by arguing that they did have a permit, a "nationwide permit", pursuant to Nationwide Permit 26. Given the circumstances of this case, the court and the jury needed to determine whether the defendants needed to get a permit because they placed fill in a water of the United States. In light of their stipulations, if the defendants decided to argue that they had a permit, a nationwide permit, they had the duty to raise this issue pretrial and prove it at trial. Of course, the defendants did not raise this argument.

For these reasons, the court only allowed the issue of adjacency to go to the jury. The issue of the applicability of Nationwide Permit 26 was properly excluded. Of course, the esoteric reasons raised by the government and the plaintiff intervenors for the denial of a jury charge on Nationwide Permit 26 are inapplicable. The court never found as a matter of law that any adjacent wetlands could never be an isolated water. The court also did not find that the interpretations of the facts and regulations made by the Army Corps of Engineers should have been given "substantial" deference. Consistent with this opinion the court

ORDERS and ADJUDGES that the defendants' motion for a new trial and/or judgment notwithstanding the verdict be, and the same is, hereby DENIED.